TIMOTHY SNOW & another *vs.* RALPH WARNER.

An unsigned writing directed by A. to B. in these words, "buy me the following articles," (enumerating them,) is not an authority defining or limiting the power of B.; and therefore the parol directions given to B. by A. are admissible evidence of B.'s authority, as agent of A., in purchasing the articles.

In a suit against A. for goods alleged to have been bought in the country by B., his agent, and to have been delivered to and received by C., his agent in Boston, A.'s memorandum book, kept with C., containing a list of goods to be received by C. for A., from different persons, is not admissible in evidence for A., for the purpose of showing that C. had no authority to receive the goods sued for. Nor are letters admissible for this purpose, written by C. to A. and by A. to C., respecting the goods sued for, after they were delivered to C

Goods are received and accepted by the purchaser, within the statute of frauds, (Rev. Sts. *c.* 74, § 4,) when they are transported by the seller to the place of delivery appointed by the agent who contracted for them, and are there delivered to another agent of the purchaser, and are by him shipped to a port where the purchaser had given him general directions to ship goods of the same kind.

ASSUMPSIT to recover the value of 500 molasses barrels, alleged to have been purchased of the plaintiffs, by Horace Warner, for the defendant. Trial in the court of common pleas, before *Wells*, C. J. whose report thereof was as follows :

Horace Warner testified in chief, that he was directed by the defendant to purchase the barrels for him ; and on cross-examination, he stated that the defendant, at the same time, gave him a writing, which was substantially in the following terms : " Buy for me the following articles ; " enumerating various barrels and casks of different kinds. The defendant thereupon moved the court that all parol evidence of authority should be excluded, as the writing was the authority of the witness, and the only proper evidence of the extent of his authority. It appeared from further testimony of the witness, that said writing was not signed by the defendant, and that his name was not in any way borne upon the paper. The court being of opinion that the writing was a mere memorandum, given to the witness to assist his recollection, and not a power of attorney, ruled that the witness might testify to any verbal directions which the defendant gave him.

The defendant's counsel offered to put in evidence a memorandum book, kept by the defendant with his agent in Boston, who had a general authority to act for him after his departure from Boston for the South, containing a list of barrels to be received by said agent, from various persons, for the defendant ; which book was given to said agent before the barrels in question were to be delivered, and after they were contracted for by said Horace. The plaintiff had previously introduced testimony tending to show that the defendant directed said Horace to have the barrels transported to Boston, and then to call on said agent and ascertain from him

where the barrels were to be deposited ; or what was to be done with them when they should be delivered in Boston. The defendant offered this book for the purpose of proving (among other things) that said agent had no authority to receive the barrels in question. The court ruled that said book was not evidence for any of the purposes for which it was offered ; but admitted the agent to testify that the defendant directed him about receiving and taking charge of certain barrels purchased of sundry persons, and did not give him notice of any barrels purchased of the plaintiffs, nor any directions respecting such barrels.

The defendant also offered in evidence two letters — one of them written by the agent aforesaid to the defendant, when the barrels in question came to the agent, stating that said barrels were brought for him from the plaintiffs — the other, the answer by the defendant, to said letter, written by the defendant at Mobile, on receipt of the letter first named, in which the defendant said that he did not know the plaintiffs in the transaction. The court ruled that said letters were inadmissible in evidence.

The defendant's counsel requested the court to instruct the jury that, if they were satisfied that there was a contract for goods above the price of $50 — no earnest being given, no payment made, and no note or memorandum of the bargain — unless the plaintiffs proved that some of the goods were actually received and accepted by the defendant, then, by the Rev. Sts. *c.* 74, § 4, the plaintiffs could not maintain this action. But the court instructed the jury, that if they were satisfied, by the evidence, that the defendant directed the said Horace to cause the said barrels, when purchased, to be transported to Boston, and there to be deposited in such place as the defendant's said agent should direct, and the plaintiffs, in pursuance of said direction, did transport the said barrels to Boston, and did there deposit them in a place designated by the defendant's agent, and the said agent did afterwards ship them to the South, to the place where, by general directions of the defendant, barrels of this kind were

ordered to be shipped, this was a sufficient reception and acceptance to bind the defendant.

A verdict was found for the plaintiffs, and the defendant alleged exceptions to the aforesaid rulings and instructions.

*Ellis*, for the defendant.   Horace Warner should not have been permitted to testify as to his written authority from the defendant.   It should have been left to the jury to decide, upon production of the paper, whether it was intended as an authority.   The signature of the defendant was not necessary to the validity of the written instrument.   The writing was not a memorandum of the transaction, but the transaction itself.   *Teall* v. *Auty*, 4 Moore, 542, and 2 Brod. & Bing. 99.   *Brewer* v. *Palmer*, 3 Esp. R. 213.   *Stevens* v. *Pinney*, 2 Moore, 349.   *Van Deusen* v. *Frink*, 15 Pick. 449.   *Boynton* v. *Rees*, 8 Pick. 329.   3 Stark. Ev. 1049. 1 Greenl. on Ev. § 84.

2.   The memorandum book given by the defendant to his agent, if not admissible for any other purpose, was admissible as evidence of an act, and that the agent had no authority to receive the barrels in question.

3.   The letters which were rejected should have been received in evidence.   They show that the defendant did not accept the barrels.   *N. England Marine Ins. Co.* v. *De Wolf*, 8 Pick. 62.

4.   The instruction as to the reception and acceptance of the barrels was wrong.   The statute of frauds (Rev. Sts. *c.* 74, § 4) requires an actual assent of the purchaser himself, and an acceptance by him, and not by his agent, unless specially authorized.   Constructive acceptance is not sufficient.   *Nicholle* v. *Plume*, 1 Car. & P. 272.   *Hanson* v. *Armitage*, 1 Dowl. & Ryl. 128.   *Baldey* v. *Parker*, 2 Barn. & Cres. 37, and 3 Dowl. & Ryl. 220.   *Tempest* v. *Fitzgerald*, 3 Barn. & Ald. 680.   *Johnson* v. *Dodgson*, 2 Mees. & Welsb. 656.   *Acebal* v. *Levy*, 10 Bing. 376.   *Howe* v. *Palmer*, 3 Barn. & Ald. 325, per Holroyd, J.   Hilliard on Sales, *c.* 3, § 8.

*N. Wood*, for the plaintiffs.   1.   The judge was satisfied that

the writing, given by the defendant to Horace Warner, was not intended as an authority to him, but was merely a minute of what he was to buy. His testimony was therefore rightly admitted. 3 Stark. Ev. 1043, 1049. *Alvord* v. *Smith*, 5 Pick. 232. *Davenport* v. *Mason*, 15 Mass. 85.

2. 3. The defendant's memorandum book, as it related to transactions between him and third persons only, was inadmissible. The letters were rightly rejected for the same reason; and also because they were written after the goods were sent to Boston.

4. Acceptance of the barrels by the defendant's agent was an acceptance by the defendant himself, within the statute of frauds. *Williams* v. *Mitchell*, 17 Mass. 98. *Whitehead* v. *Tuckett*, 15 East, 400. Paley on Agency, (2d Amer. ed.) 163.

HUBBARD, J. It is contended by the defendant, that the writing in the hands of his agent was the authority under which he acted, and that it not only ought to have been read to the jury, but that parol evidence should not have been admitted to vary or control it. There is no doubt of the correctness of the principle asserted in this position. An agent, appointed by a writing which defines and limits his authority, is subject to its terms ; and acts done by him, not within the scope of the authority, cannot bind his principal ; and a person who trades with such agent must examine, for himself, whether the agent is acting under written instructions ; and the principal will not be bound because such person was ignorant of their existence. It is his duty to inquire, when by his bargain or sale he expects to bind a third person. But in the present case the paper relied upon by the defendant was not an authority defining and limiting the power of the agent. It was an unsigned memorandum or schedule, intended apparently to assist the memory of the agent as to the several articles to be purchased, and not to guide or control his judgment, or to affect in any way the rights of third persons. The parol directions to the agent were, we think, rightly admitted as evidence of his authority to make the purchase.

In respect to the memorandum book kept by the defendant with his agent in Boston, the directions entered in it were neither a part of the *res gestæ*, nor did they touch the authority of the agent who purchased the barrels. They related merely to the disposition of the goods, after their delivery in Boston by the various persons from whom they might be purchased ; and the book could not be received in evidence, to affect the bargain by the defendant's agent with the plaintiffs.

The letters, also, which passed between the agent in Boston and the defendant, are subject to the same observations that have been made respecting the memorandum book, and were rightly excluded. Where letters between one of the parties and a third person are parts of the transaction, they are properly admissible, as forming a portion of the case. But these letters were neither written to the plaintiffs nor to the defendant's agent who purchased of them, and are therefore not admissible, as connected with or controlling the purchase.

The last objection raised by the defendant is, that this sale, being of goods for the price of fifty dollars or more, and there being no note or memorandum in writing of the bargain, nor any earnest given to bind the bargain, the contract is not binding on the defendant, for want of a delivery of the goods to the plaintiffs themselves, or proof of acceptance thereof by them. The authorities cited by the defendant's counsel, and upon which he relies, go to establish the doctrine that a constructive delivery to a wharfinger or a shipmaster, or to other persons engaged in receiving the goods of others, will not be a compliance with the statute of frauds, to bind the party as having accepted the goods. There was also, apparently, a leaning in the mind of Lord Chief Justice Abbott to the opinion that the terms of the statute must be literally complied with ; that is, that there must be an acceptance of the goods by the purchaser himself. *Hanson* v. *Armitage*, 1 Dowl. & Ryl. 131.

We are fully of opinion that the acceptance must be

12 *

proved by some clear and unequivocal act of the party to be charged. The statute by its language requires it, and the construction it has received gives full force to that language. But we cannot say that, to bind the purchaser, the acceptance can only be by him personally. The statute in terms provides that an agent may bind his principal by a memorandum in writing. If, then, an agent can purchase, we think it clearly follows — there being no prohibitory clause — that an agent duly authorized may also receive property purchased, and thus bind the principal. It is in accordance with the rights and duties of principals and agents in other cases, and for the furtherance of trade and commerce. In the present case, it was proved that the plaintiffs transported the barrels to Boston, and delivered them at the place where the purchaser's agent directed, and that the agent in Boston afterwards shipped them to the port at the South where the defendant had given general directions to have his barrels sent ; and we are of opinion, with the learned judge who tried the cause in the court below, that this was a sufficient acceptance of the goods, within the statute. There was a delivery by the vendors to an agent authorized to receive, an acceptance by him, and a forwarding of them to the place appointed by the principal. These acts are direct and unequivocal, and constitute a transfer of the property from the seller to the purchaser, who, in consequence of it, is bound to pay the price of the purchase.

*Exceptions overruled.*